```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
TEOFIL BOATA,                           :    10 Civ. 4390 (DLC)
                   Plaintiff,           :
                                        :        OPINION
         -v-                            :       AND ORDER
                                        :
PFIZER, INC.,                           :
                   Defendant.           :
                                        :
----------------------------------------X
```

Appearances:

For the plaintiff:
Teofil Boata, pro se
761 New Norwalk Rd.
New Canaan, CT 06840

For the defendant:
Peter C. Moskowitz
Allison C. Spivak
Jackson Lewis LLP
59 Maiden Lane
New York, NY 10038

DENISE COTE, District Judge:

The defendant Pfizer, Inc. ("Pfizer") moves to dismiss all or part of four of the five claims in the plaintiff's amended complaint. The motion is granted in part.

BACKGROUND

The following facts are assumed to be true for the purposes of this motion. The pro se plaintiff, Teofil Boata ("Boata"), is a sixty-two year old Caucasian man of Romanian descent. He began his employment with Wyeth[1] on August 15, 2005 as the Assistant

---

[1] Wyeth was later acquired by Pfizer.

Director of Statistical Programming in the company's Vaccine Division in Pearl River, New York.  In the year 2005, the plaintiff received a performance appraisal of 4 out of 5, which he describes as "above target."

Starting in January 2006, Boata raised concerns that in violation of FDA regulations Wyeth improperly altered data from clinical trials for a vaccine.  He then began to experience retaliation in the form of rude treatment and a bad performance review for the year 2006.[2]  In July 2007, he was placed on a "Performance Improvement Plan" ("PIP") for ninety days, which he successfully completed.  For the year 2007, Boata's was given a performance rating of "3," but he received a rating of "2" on leadership and collaboration.  On January 30, 2008, Boata emailed Greg Zhou ("Zhou"), his supervisor, telling him he felt he was being discriminated against.

Meanwhile, in April 2007, Wyeth reorganized one of its divisions and dissolved five statistical programming management positions including Boata's, converting them into non-managerial technical positions.  Boata describes the change as a demotion.  Boata alleges that only two younger managers retained managerial positions.  One of those younger managers was Zhou, to whom Boata and the others now reported.

In early 2008, Wyeth re-created the previously dissolved

---

[2] Boata was given a rating of "2" on a scale of 1 to 5.

management positions. The jobs were not filled by the employees that previously held them. Boata was not allowed to interview for his old job, which was given to Zhou. Also in early 2008, Zhou put together a "vaccine capacity team" of programmers. Everyone on the team was Chinese or Asian, and Boata was not made a part of it. When the plaintiff asked Zhou if he was on the team, Zhou told him no and said that the members of the team were experienced programmers with in-depth skills. Because Boata was also experienced and had in-depth skills, he felt that this was disparate treatment based on race.

On March 26, 2008, Boata was placed on a "Performance Notice" for the month of April. In April and May 2008, Boata experienced further discrimination in the assignment of projects and leadership positions. The plaintiff was fired on June 26, 2008, without notice and in the middle of a presentation he was giving. The plaintiff alleges that he was replaced by younger "Asian/Chinese" employees.

On February 20, 2009, Boata filed a complaint with the New York State Division of Human Rights ("NYSDHR") alleging discrimination. On the complaint form, Boata indicated that he was alleging race discrimination. He specified his race as "American-Romanian/White, Male." He described being treated unfairly by Zhou on account of his race and that Chinese employees received preferential treatment. Boata's NYSDHR

3

complaint was cross-filed with the United States Equal Employment Opportunity Commission ("EEOC").

On October 22, 2009, Boata amended his NYSDHR complaint to allege discrimination on the basis of age. He described the five management positions, including his own, being dissolved and then re-created, and not being allowed to interview for his old job. On December 23, 2009, Boata amended the NYSDHR complaint again to add allegations of discrimination on the basis of national origin and retaliation. The amendment describes retaliation in response to Boata's expressed concern about the safety of changing data from the clinical studies. Its allegation of discrimination is based on preferential treatment of Chinese programmers.

On March 11, 2010, the EEOC issued a Notice of Right to Sue at the plaintiff's request. On March 30, the NYSDHR dismissed plaintiff's complaint on the ground of administrative convenience. The grounds described were that Boata had elected to have the case heard in federal court.

Boata commenced this action on June 2, 2010, and filed an amended complaint on August 3. In the amended complaint, he alleges five causes of action: (1) employment discrimination on the basis of race and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and the New York States Human Rights Law, N.Y. Exec. Law § 296 ("NYSHRL"); (2) employment discrimination on the

4

basis of age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), and the NYSHRL; (3) retaliation in violation of 42 U.S.C. § 1981; (4) breach of implied contract; and (5) violations of 21 C.F.R. Part 11.  On September 10, Pfizer filed a motion to dismiss Boata's second, fourth, and fifth causes of action, and the portion of the first cause of action alleging national origin discrimination.  The motion was fully submitted on November 5.

DISCUSSION

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"  Ashcroft v. Iqbal, 556 U.S. ---, 129 S.Ct. 1937, 1949 (2009).  For a plaintiff's claim to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (citation omitted)).  A court considering a motion to dismiss pursuant to Rule 12(b)(6) "must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party."  Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co., 517 F.3d 104, 115 (2d Cir. 2008) (citation omitted).  Moreover, pleadings filed by pro se plaintiffs are to be construed

5

liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) ("[A] pro se complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers." (citation omitted)); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) ("Even after Twombly, . . . we remain obligated to construe a pro se complaint liberally.").

A court may also consider "any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference . . . and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit" on a motion to dismiss.  ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted).  The amended complaint in this action refers to the NYSDHR complaint and its amendments.  Accordingly, they are considered here.

I.   Federal National Origin and Age Discrimination Claims

The defendant argues that Boata's claims of discrimination under federal law based on national origin and age must be dismissed for failure to exhaust his administrative remedies. Plaintiffs bringing suit in federal court under either Title VII or the ADEA are subject to exhaustion requirements requiring that they first timely file a charge of discrimination with the EEOC or an authorized state agency.  McPherson v. N.Y. City Dep't of Educ., 457 F.3d 211, 213 (2d Cir. 2006).  Under both statutes, for discriminatory practices occurring within the State of New

6

York, the EEOC charge must be filed within 300 days of the alleged discriminatory conduct to be considered timely. 29 U.S.C. § 626(1)(B); 42 U.S.C. § 2000e-5(e)(1); see Ragone v. Atl. Video at the Manhattan Ctr., 595 F.3d 115, 126 (2d Cir. 2010). Second, as a prerequisite to filing a Title VII suit, plaintiff must receive a right-to-sue letter from the EEOC. Williams v. N.Y. Hous. Auth., 458 F.3d 67, 69 (2d Cir. 2006). For ADEA claims, however, no right-to-sue letter is required, and a complainant may exhaust the administrative process merely by allowing his charge to remain "pending with the EEOC for at least 60 days." McPherson, 457 F.3d at 215.

The defendant argues that the plaintiff's age and national origin claims must be dismissed because he did not file a charge making those claims until October 22 and December 23, 2009, respectively, both of which were more than 300 days after June 22, 2008, the date that Boata alleges he was fired for discriminatory reasons. "Although the general rule is that [a plaintiff alleging employment discrimination] may not pursue an unexhausted claim," claims that are "reasonably related" to the claims made in a timely EEO charge are not barred. Mathirampuzha v. Potter, 548 F.3d 70, 75 (2d Cir. 2008) (claims pursuant to Title VII); Ximenes v. George Wingate High Sch., 516 F.3d 156, 158 (2d Cir. 2008) (ADEA claims).

A claim is reasonably related to a claim in a timely-filed charge if "the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Mathirampuzha, 548 F.3d at 76 (citation omitted). Courts determining whether two discrimination claims are reasonably related must ask "whether the complaint filed with the EEO gave the agency adequate notice to investigate discrimination on both bases." Id. at 77 (citation omitted). The focus of the inquiry is "the substance of the charge and not its label," and "the factual allegations made in the EEO charge itself, describing the discriminatory conduct about which a plaintiff is grieving." Id. at 76 (citation omitted).

The Second Circuit has recognized a claim of race discrimination as "reasonably related" to a claim of national origin discrimination where an African-American employee charged that employees of Irish descent received preferential treatment. Deravin v. Kerik, 335 F.3d 195, 201-02 (2d Cir. 2003). It has also held that a sex discrimination claim related to an earlier-filed retaliation charge where the retaliation charge referred to sexual harassment and thus contained "the factual underpinnings of a gender discrimination claim." Mathirampuzha, 548 F.3d at 77 (citation omitted).

Boata's claim of national origin discrimination is reasonably related to his race discrimination claim because his timely filed charge contains all the factual underpinnings of his national origin discrimination claim.  Boata's claim of age discrimination, however, is not reasonably related to his timely filed claims and must be dismissed.  The facts underlying Boata's age discrimination claims are not described in the February 20, 2009 complaint.  Although Boata mentions the April 2007 and February 2008 reorganizations in the February 20 complaint, he does not allege that the change in position was a demotion, that only older workers were demoted, or that he or anyone else was treated unfairly based on their age.  Rather, the information serves only to explain how Zhou became his manager.  The complaint did not give the NYSDHR or the EEOC any notice that Boata was alleging that the reorganizations represented age discrimination.

In opposition, Boata makes principally two arguments, neither of which is persuasive.  First, he argues that he followed the NYSDHR procedures for amending his complaint.  Following NYSDHR procedures to amend one's complaint cannot save an untimely allegation of age discrimination.  Boata also argues that the defendant is not prejudiced by the addition of his age discrimination claim.  Whether the defendant is prejudiced by a late-filed claim also is irrelevant to whether Boata timely filed

9

an administrative claim for age discrimination.  "[E]xhaustion of administrative remedies through the EEOC stands as an essential element of Title VII's statutory scheme, and one with which defendants are entitled to insist that plaintiffs comply." Francis v. City of New York, 235 F.3d 763, 768 (2d Cir. 2000) (citation omitted).[3]  The remainder of Boata's arguments have been considered and have been found to be without merit.

   II.   Breach of Implied Contract Claim

   The defendant moves to dismiss Boata's claim for breach of implied contract on the ground that Boata was an at-will employee who could be fired at any time for any reason.  Under New York law, "employment for an indefinite or unspecified term is presumed to be at will and freely terminable by either party at any time without cause or notice."  Reddington v. Staten Island Univ. Hosp., 511 F.3d 126, 137 (2d Cir. 2007) (citation omitted). A plaintiff in New York has no claim for breach of contract where the employment is at will.  Lobosco v. N.Y. Tel. Co., 96 N.Y.2d 312, 316 (2001).  One exception to this rule exists when the

---

[3] The defendant has not requested that the Court decline to exercise supplemental jurisdiction over Boata's state-law claim for age discrimination.  "In deciding whether to exercise jurisdiction over supplemental state-law claims, district courts should balance the values of judicial economy, convenience, fairness, and comity."  Klein & Co. Futures Inc. v. Bd. of Trade, 464 F.3d 255, 262 (2d Cir. 2006).  Because Boata's claims of national origin and race discrimination will continue before this Court, it is efficient and convenient to exercise supplemental jurisdiction over his age discrimination claim, and there is no argument that doing so would be unfair or would violate principles of comity.

"employer and the employee are parties to an agreement establishing a fixed duration." Reddington, 511 F.3d at 137 (citation omitted). The presumption that employment is at will may also be rebutted if a plaintiff can establish "that the employer made its employee aware of an express written policy limiting the right of discharge and the employee detrimentally relied on that policy in accepting employment." Lobosco, 96 N.Y.2d at 316.

Boata's contract claim rests on the PIP that was instituted in July 2007.[4] Boata's PIP contains the following information.[5] A section called "PIP Guidelines" states: "This [PIP] is intended to allow you an opportunity to correct the identified performance shortcomings within a reasonable period." The document then lists five "improvement expectations" tied to Boata's job responsibilities. Beneath the improvement expectations, there is a section called "Management Comments and At-Will Disclaimer." The disclaimer reads:

> Please note . . . that nothing about this plan should be construed as a contract of employment for a specific term, nor should it be viewed as changing in any way the employment at-will relationship that exists between you and Wyeth. This means that either you or the Company may terminate the employment relationship at any time and for

---

[4] The PIP was signed by Boata on June 19, 2007. Three representatives of Wyeth signed the PIP on June 28 and July 3.

[5] The version of the PIP submitted by the plaintiff is incomplete. The document provided to the Court consists of "Page 2 of 5," "Page 4 of 5," and an appended page of comments.

11

> any reason with or without cause.
> Successful achievement of performance goals
> does not constitute an employment agreement.

The document also contains a section with the heading "Plan Consequences." That section reads: "While on the plan, you are expected to show immediate, significant and sustained improvement. Failure to do so will result in disciplinary action, up to and including termination." Finally, there is an area for "Employee Comments." In that area, Boata typed: "My signature in no way to be considers [sic] as a waiver of neither my submitted performance dispute, nor that I agree that there need [sic] for this PIP. I am willing to work and cooperate with my new manager and to focus on my daily workload." In addition, Boata appended a page of comments about specific tasks he was assigned.

    Boata has failed to plead sufficient facts to establish a claim for a breach of an implied contract of employment. Nothing in the PIP indicates that it is an agreement establishing a fixed duration for Boata's employment. In fact, the language of the PIP forecloses Boata's argument by reaffirming his at-will employment status and informing him that he was at risk of being fired. The PIP also cannot be read as limiting Wyeth's right to fire him or inviting him to rely on any such assurance; it explicitly advises him to the contrary.

III.   Claim Based on FDA Regulations

The defendant moves to dismiss Boata's fifth cause of action, for violations of 21 C.F.R. Part 11, on the ground that there is no private right of action to enforce FDA regulations. The defendant is correct.

The statute that authorizes the regulations contained in Part 11 of Title 21 of the Code of Federal Regulations is the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 321-393 ("FDCA"). See 21 C.F.R. Pt. 11. Pursuant to the FDCA, absent exceptions not relevant here, "all such proceedings for the enforcement, or to restrain violations, of this chapter shall be by and in the name of the United States." Id. § 337. This means that no private right of action exists under the FDCA. PDK Labs, Inc. v. Friedlander, 103 F.3d 1105, 1113 (2d Cir. 1997).

Boata argues that public safety concerns should allow him to maintain his claim. There is no public safety exception to 21 U.S.C. § 337.

CONCLUSION

Boata's claims for age discrimination pursuant to the ADEA, for implied breach of contract, and for violation of FDA regulations are dismissed.

Dated:   New York, New York
         December 1, 2010

                                         _____
                                              DENISE COTE
                                         United States District Judge

13